UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED DORTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVE TOSTONIE, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-01784 GSA (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR NINETY-DAY EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(ECF No. 26)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR COPY OF HIS FILED SECOND AMENDED COMPLAINT<br><br>(ECF No. 26 at 2-3)<br><br>ORDER DIRECTING PLAINTIFF TO INFORM COURT VIA NOTICE WHY HE HAS NO ACCESS TO LAW LIBRARY<br><br>(See ECF No. 26 at 1)<br><br>PLAINTIFF'S FILING REGARDING HIS LACK OF ACCESS TO LAW LIBRARY DUE IN FOURTEEN DAYS<br><br>PLAINTIFF'S THIRD AMENDED COMPLAINT DUE IN FORTY-FIVE DAYS |

　　　　Plaintiff has filed a motion for a ninety-day extension of time to file a third amended complaint. ECF No. 26. This is Plaintiff's third request for an extension of time to amend. See ECF Nos. 13, 15 (previous extension of time requests). Within the motion, Plaintiff has also

1

requested to be sent a conformed copy of his second amended complaint. ECF No. 26 at 2-3.

For the reasons stated below, Plaintiff's motion will be granted in part and denied in part. Specifically, his extension request will be granted but the ninety-day period requested will be denied. Instead, Plaintiff will be given forty-five days to file the third amended complaint. Absent exigent circumstances, *no* additional time to file an amended complaint will be granted.

In addition, as a one-time courtesy, Plaintiff's request for a conformed copy of his second amended complaint will be granted. Finally, Plaintiff will be ordered to inform the Court precisely why he lacks access to a law library. He will be given fourteen days to respond to this part of the Court's order.

## I. PLAINTIFF'S EXTENSION OF TIME REQUEST

In support of Plaintiff's request for a ninety-day extension of time, Plaintiff asserts that: (1) he does not have a conformed copy of the second amended complaint; (2) he has no physical access to a law library; (3) his case is complex and as a result, the amended complaint will require conferring with others, and it must be typewritten in Los Angeles, and (4) he intends to file a state government claim, a decision upon which, will take sixty days. See ECF No. 26 at 1-2. In the document, Plaintiff also requests the Court to send him a conformed copy of the second amended complaint that he filed as he asserts that he needs to review it in order to file his third amended complaint. Id.

## II. DISCUSSION

### A. Need for Conformed Copy of Second Amended Complaint

It is unclear why Plaintiff needs a *conformed* copy of his second amended complaint, as no changes are made to documents filed in this Court. In addition, irrespective of whether Plaintiff sent an additional copy of the second amended complaint to the Court so that it could be stamped and returned to him (see ECF No. 26 at 1-2) (Plaintiff's assertion), it is Plaintiff's responsibility to keep a copy of pleadings he files and serves. Despite these facts, as a one-time courtesy, the Court will direct the Clerk of Court to send Plaintiff a copy of the filed second amended complaint.

### B. No Access to a Law Library

In the motion, Plaintiff states that he has no physical access to a law library, but he fails to state precisely why this is, or how it affects his ability to prosecute his case. See generally ECF No. 26. Access to a law library is a fundamental right guaranteed under the Constitution. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Lewis v. Casey, 518 U.S. 343, 246 (1996) (brackets added) (citation omitted). As a result, even when an inmate is in segregated housing, access to a prison's law library should be provided.

The lack of access to a law library is a viable reason that supports Plaintiff's request for an extension of time to file his third amended complaint. As a result, the request will be granted, but only for a period of forty-five days, not ninety. In addition, Plaintiff will be simultaneously ordered to inform the Court precisely *why* he has no access to Pelican Bay's prison law library, and how this lack of access is affecting his ability to prosecute his case. Plaintiff is referred to 15 CCR 2123. He will be given fourteen days to comply with this part of the Court's order.

### C. Need to Send Amended Complaint to Los Angeles for Typing

Plaintiff's assertion that he will need to send his amended complaint to and from Los Angeles so that it can be typed is not a valid reason to warrant an extension of time. Plaintiff's original complaint was handwritten (see ECF No. 1), and the majority of cases that are filed by prisoners are handwritten. Furthermore, there is no requirement that a prisoner's pleadings be typewritten. Finally, the Court notes that Plaintiff's original complaint, which was handwritten, was just six pages in length. See ECF No. 1 at 1-6 (minus attachments). However, his first and second amended complaints, both of which were typewritten, were sixty-one and seventy-six pages, respectively, and they had no attachments. See ECF Nos. 17, 24.

The Court notes for the record that after Plaintiff's second amended complaint was filed, he was ordered to file a third amended complaint, in part, because the second amended complaint was unduly lengthy, unwieldy, and may have violated Rule 20. Specifically, at seventy-six pages it did not contain "short and plain statements," nor was it "simple, concise, and direct" as Federal Rules of Civil Procedure 8(a) and (d) require. See Fed. R. Civ. P. 8(a)(2), (d)(1), respectively.

For these reasons as well, Plaintiff's stated need to file a typewritten complaint is not sufficiently persuasive to warrant a grant of a ninety-day extension of time to amend. Instead, Plaintiff will be sent another copy of this Court's Civil Rights Complaint By a Prisoner form to complete and return. He must use that form and will be limited to **twenty-five pages**, including exhibits, and will be required to comply with all federal and local rules regarding the formatting of his complaint. **In short, when amending, Plaintiff is *discouraged* from filing a single spaced, smaller-than-12-font pleading, and reminded that he must comply with the directives of Rules 8 and 20. His failure to follow these directives may result in a recommendation that this matter be dismissed.**

### D. California Government Claims Act

Plaintiff is reminded, that Under the California Government Claims Act, set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("Board"), and the Board acted on the claim, or the time for doing so expired. Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1244, 13 Cal. Rptr. 3d 534, 90 P.3d 116 (2004). Thus, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint. Id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209, 64 Cal. Rptr. 3d 210, 164 P.3d 630 (2007), as modified (Oct. 10, 2007). Such requirements apply to state law claims [*6] included in a federal action under § 1983. See Volis v. Housing Auth. of the City of L.A. Emps., 670 F. App'x 543, 544 (9th Cir. 2016).

To be timely, a claim must be presented to the Board "not later than six months after the accrual of the cause of action." Cal. Govt. Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the

1  claim. Cal. Govt. Code, § 945.6, subd. (a)(1). Federal courts must require compliance with the
2  California Government Claims Act for pendant state law claims that seek damages against state
3  employees or entities. Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Mangold, 67 F.3d at
4  1477. State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may
5  proceed only if the claims were presented in compliance with the applicable exhaustion
6  requirements. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir.
7  1988); Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

8      Here, Plaintiff's request for a ninety-day extension of time so that he can pursue state
9  pendent claims may be unwarranted for the following reasons: 1- he has not shown that prior to
10 filing his original complaint he filed a claim with the State within 6 months after the actions he
11 sets forth in his original complaint accrued.   Additionally, given the fact that Plaintiff filed his
12 original complaint in December 2023, suggests that the actions/claims contained therein may
13 have acquired a *degree of permanence* such that those actions/claims will not find refuge in the
14 *Continuing Violation Doctrine* allowing Plaintiff to use subsequent events to extend the duration
15 of time in which to satisfy the 6 month claim requirement.  See, Willis v City of Carlsbad, 48 Cal.
16 App 5 1104); 2- as for actions occurring subsequent to the filing of Plaintiff's original complaint,
17 for which Plaintiff now seeks to add in his 3AC, he is again advised that as to those actions he
18 must not only comply with Rule 20 (see below), he must also comply with the requirements of
19 the California Government Claims Act.

20         E.  Rule 20

21    As Plaintiff was advised in the Court's recent screening order (ECF. Doc #25), once a
22 complaint has been filed, a plaintiff may not add additional, unrelated claims or parties to it.  See
23 Fed. R. Civ. P. 20(a)(2) (stating defendants may only be joined in one action if claims arise from
24 "same transaction, occurrence, or series of transactions or occurrences"); see also George v.
25 Smith, 507 F.3d 605, 607 (7th Cir. 2007) (stating plaintiff may not change nature of suit by
26 alleging new, unrelated claims).   Plaintiff is again instructed that "Under Rule 20 of the Federal
27 Rules of Civil Procedure, a plaintiff may join any persons as defendants if: (1) any right to relief
28 asserted against the defendants relates to or arises out of the same transaction, occurrence, or

5

series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants." Fed. R. Civ. P. 20(a); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). Importantly, "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." Id. (citing 28 U.S.C. § 1915(g)).

Plaintiff's original complaint alleged three claims:  First Amendment retaliation, and retaliation in violation of the Americans with Disabilities Act and the Rehabilitation Act.  See ECF No. 1 at 3-5.  Four individuals were named as defendants.  See id. at 1-2.  No additional defendants or claims should be added to Plaintiff's amended complaint unless those claims arise out of the same transaction or occurrence, which, in this case, is Plaintiff's alleged improper transfer from the Francisquito Fire Camp.  See generally id. at 3-5.  Thus, to the extent Plaintiff states in the instant extension of time request that there is "continuing, escalating, adverse conduct committed by a growing number of Defendants against [him]," (see ECF No. 26 at 1-2) (brackets added), without more, these conjectural and ambiguous statements – which may be untethered to any of Plaintiff's original three claims – further support the Court's decision at this time to deny Plaintiff's request for a ninety-day extension of time to file a third amended complaint.

### F.   Exhaustion Requirement for New Claims

As to Plaintiff's intent to add additional claims to his amended complaint, he must adhere to the following requirements.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); McKinney v. Carey, 311

F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). If, however, a plaintiff files an amended complaint adding new claims, the plaintiff may proceed on the new claims if those claims were fully exhausted before tendering the amended complaint for filing. Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010). As long as those new claims are fully [*5] exhausted at the time the amended complaint is filed, it does not matter whether the new claims arose before or after the date on which the initial complaint was filed; the claims can proceed as long as they are new claims that were not alleged in the initial complaint, and are fully exhausted prior to the filing of the amended complaint. See Cano v. Taylor, 739 F.3d 1214, 1220-21 (9th Cir. 2014) (allowing amended complaint to proceed on new claims that arose prior to the date on which the initial complaint was filed); Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) (allowing amended complaint alleging new claims that arose after the initial complaint was filed).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a copy of his filed second amended complaint (see ECF No. 26 at 2-3) is GRANTED;

2. As a one-time courtesy, the Clerk of Court shall send Plaintiff a copy of his second amended complaint. See ECF No. 24.

3. Plaintiff's motion for a ninety-day extension of time to file his third amended complaint (ECF No. 26) is GRANTED IN PART to the extent that it requests an extension of time to file the third amended complaint, but DENIED IN PART to the extent it requests a ninety-day-period to do so;

4. Within forty-five days from the date of this order, Plaintiff shall file a third amended complaint, and

5. Within fourteen days from the date of this order, Plaintiff shall file a notice which informs the Court precisely why he does not have access to a law library, and how this lack of access is affecting, or has affected, his ability to prosecute this case. See ECF No. 26 at 1.

**Plaintiff is cautioned that failure to comply with this order within the times allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated: __**December 13, 2024**__                    _____**/s/ Gary S. Austin**_
                                                                    UNITED STATES MAGISTRATE JUDGE