1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FRED DORTON,                                No.  1:23-cv-01784 GSA (PC)

12                      Plaintiff,               ORDER GRANTING PLAINTIFF'S MOTION
                                                FOR AN EXTENSION OF TIME TO FILE
13           v.                                 PLAINTIFF'S THIRD AMENDED
                                                COMPLAINT, AND GRANTING IN PART
14    STEVE TORTORICE, et al.,                  PLAINTIFF'S REQUEST TO EXCEED THE
                                                CURRENT 25 PAGE LIMIT
15                      Defendants.
                                                (ECF No. 31)
16
                                                PLAINTIFF'S THIRD AMENDED
17                                              COMPLAINT DUE **FEBRUARY 27, 2025**

18

19

20          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

21    rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

22    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23          Plaintiff has filed a motion for an extension of time to file his third amended complaint

24    ("TAC").  ECF No. 31.  This is his second request to do so.  See ECF No. 26 (motion for ninety-

25    day extension of time).  The motion also requests that he be permitted to file a TAC which

26    exceeds the current 25- page limit previously set by the Court.  See ECF No. 27 at 4.

27          Plaintiff's motion will be granted in part.  Specifically, Plaintiff will be given until

28

                                              1

1  February 27, 2025, to file his TAC.  In addition, he will continue to be limited to twenty-five-

2  pages if his complaint is *typed*, but will be granted a thirty-five page limit if his complaint is *hand*

3  written.

4      Plaintiff also states that he has "at least 20 indispensable defendants under Rule 19" along

5  with "seven (7) federal and state claims" that he intends to include in his TAC.  It is important to

6  note that Plaintiff has previously been advised by the Court of rules relating to joinder of claims

7  and parties pursuant Federal Rules of Civil Procedure (FRCP) 18 & 20 (respectively).  (See, ECF

8  Docs 25 & 27).  Plaintiff should be advised that "under Rule 20(b), the district court may sever

9  claims [*9]  or parties in order to avoid prejudice. Fed. R. Civ. P. 20(b). Courts have also

10  exercised their discretion to sever where "[i]nstead of making the resolution of [the] case more

11  efficient . . . joinder would instead confuse and complicate the issues for all parties involved."

12  Rodriguez v. Tilton, 2013 U.S. Dist. LEXIS 39156, 2013 WL 1163796, at *6 (E.D. Cal. Mar. 20,

13  2013) (quoting Wynn v. Nat'l Broad. Co., 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) (finding

14  that even where Rule 20 requirements for joinder are satisfied, the court may exercise its

15  discretion "to sever for at least two reasons: (1) to prevent jury confusion and judicial

16  inefficiency, and (2) to prevent unfair prejudice to the [defendants]")) (citing Coleman, 232 F.3d

17  at 1296)".  Davies v Reynoso, 2024 US Dist Lexis 121984 (E.D. Cal. July 11, 2024).

18      As to Plaintiff's concern regarding the application of Rule 19 (Required Joinder of

19  Parties), FRCP 19(a) provides that a third party is "necessary" if "in that person's absence, the

20  court cannot accord complete relief among existing parties." Fed. Riv. Civ. P. 19(a)(1)(A).

21  Moreover, under Rule 19, certain persons are required to be joined if complete relief as to the

22  existing parties would be impossible in the person's absence.  Plaintiff should closely examine

23  whether that condition actually exists here, and to what effect, if any, a possible later Court

24  ordered severance and/or dismissal of claims and/or parties may have on his case, especially if the

25  Statute of Limitations is implicated.

26

27

28  .

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff another copy of the Court's Civil Rights Complaint By a Prisoner form.

2. Plaintiff's motion, docketed February 12, 2025 (ECF No. 31), is GRANTED IN PART as follows:

    a. GRANTED to the extent that it requests an extension of time to file his TAC, and

    b. GRANTED IN PART, still restricting Plaintiff to a 25 page limit if his TAC is typed, but allowing a 35 page limit if the TAC is hand written.

3. Plaintiff's third amended complaint will must be filed by **February 27, 2025**.

**Plaintiff is cautioned that absent truly exigent circumstances, should the third amended complaint not be filed with the time allotted, in all likelihood, it will be recommended that this matter be dismissed.**

IT IS SO ORDERED.

Dated:  **February 14, 2025**         **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE