UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED DORTON,<br><br>            Plaintiff,<br><br>       v.<br><br>STEVE TORTORICE, et al.,<br><br>            Defendants. | No.  1:23-cv-01784 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br><br>(ECF Nos. 23, 25, 32)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This matter is at the screening stage of the proceedings.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to obey court orders.  Plaintiff will have fourteen days to file objections.

I.     PLAINTIFF'S COMPLAINT

On December 29, 2023, Plaintiff's complaint was docketed.  ECF No. 1.  In it, Plaintiff alleged that his rights under the First Amendment, the Americans with Disabilities Act and the

1

1   Rehabilitation Act were violated by Defendants when he was transferred from the Francisquito
2   Fire Camp to other prison facilities and fire camps that were many hours away from his family.
3   Plaintiff contends that the transfers were done in retaliation against him for having filed
4   grievances and for having refused medical testing. ECF No. 1 at 3-5.

## II. RELEVANT PROCEDURAL HISTORY

### A. Screening of Complaint

On February 1, 2024, Plaintiff's complaint – which was seven pages in length with seventeen pages of exhibits – was screened, and it was found that it failed to state a claim upon which relief might be granted. ECF No. 12. As a result, Plaintiff was ordered to file amended complaint, to be filed by March 4, 2024. Id. at 8.

### B. First Amended Complaint

On April 22, 2024, after requesting and being granted two extensions of time (see ECF Nos. 13, 15) (extension of time requests), Plaintiff's first amended complaint was docketed (see ECF No. 17). It was sixty-one pages in length, with no attachments. However, prior to the Court screening it, in September 2024, Plaintiff requested leave to file a second amended complaint, and the request was granted. ECF Nos. 21, 23 (motion to amend complaint, grant of same).

### C. Screening of Second Amended Complaint

On October 28, 2024, the Court screened Plaintiff's second amended complaint. ECF No. 25. The pleading was seventy-six pages in length, with no attachments. See ECF No. 24. In addition, named seventeen individuals as Defendants (id. at 2) with seven causes of action (id. at 3). After considering all Plaintiff's causes of action, the Court found that none of them stated a claim upon which relief could be granted. As a result, Plaintiff was ordered to file a third amended complaint (3AC) that complied with Federal Rule of Civil Procedure 8(a)(2) and (d)(1)'s "short and plain" and "simple, concise and direct" guidelines. ECF No. 25 at 9. He was sent another Civil Rights Complaint by a Prisoner form, and was specifically ordered to use it. Id. at 8. Plaintiff was given thirty days to comply with the Court's order, and he was cautioned that failure to timely do so could result in a recommendation that this matter be dismissed. ECF No. 25 at 9.

### D. Plaintiff's Failure to File Third Amended Complaint

Given the thirty-day period Plaintiff had been granted on October 28, 2024, to file a third amended complaint, the pleading was due on November 27, 2024. However, on December 9, 2024, Plaintiff's motion for a ninety-day extension of time to file his 3AC was docketed. See ECF No. 26. On December 16, 2024, Plaintiff's motion was granted in relevant part, instead of granting Plaintiff's request for a ninety-day extension of time, Plaintiff was given forty-five days to file his 3AC. ECF No. 27 at 7-8. This made Plaintiff's 3AC due on January 27, 2025.

#### 1. Order to Show Cause Issued

Plaintiff failed to file a third amended complaint within the time allotted. As a result, on February 6, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed. ECF No. 30. As an alternative to filing the showing of cause, Plaintiff was given the option of filing the 3AC. Id. at 3. Plaintiff was given fourteen days – i.e., by February 20, 2025, – to take either course of action. Id.

#### 2. Plaintiff's Motion for an Extension of Time

On February 12, 2025, a motion for an extension of time filed by Plaintiff was docketed. ECF No. 31. In it, Plaintiff requested a further enlargement of time, to February 27, 2025, to file the 3AC complaint, which Plaintiff claims would allow him to plead in the 3AC compliance with the California Government Claims Act. Id. at 7. He also requested the Court to allow him to exceed the previously set twenty-five-page page limit. Id.

On February 18, 2025, the Court granted Plaintiff's motion in part, and Plaintiff was given until February 27, 2025, to file his amended complaint. In addition, Plaintiff was permitted to exceed the twenty-five-page limit by ten pages if the amended complaint was handwritten. ECF No. 32 at 3. At that time, Plaintiff was again warned that absent truly exigent circumstances, if his third amended complaint was not filed within the time allotted, in all likelihood it would be recommended that this matter be dismissed. Id. On the same day, Plaintiff's response to the order to show cause was docketed. ECF No. 33.

        3. Plaintiff's Showing of Cause

Docketed on February 18, 2025, Plaintiff's showing of cause is thirty-five pages in length. See ECF No. 33. Despite its lack of relevance to the order to show cause, the showing reiterates in part what Plaintiff had imformed the Court regarding why he had no access to the prison law library. Compare ECF No. 33 at 13-29 (part of Plaintiff's 2/18/25 showing of cause), with ECF No. 29 at 1-17 (part of Plaintiff's 1/14/25 response to why Plaintiff had no access to prison law library).

However, in response to the order to show cause why this matter should not be dismissed for failure to prosecute and for failure to obey a court order, in relevant part, Plaintiff states that, "[his] additional California Government Claim has been filed but not acted on or deemed rejected"; that he "has an Opening Appeal Brief due on February 11, 2025," and that he "did not receive forty-five actual days to prepare the amended complaint as granted in the [Court's] 12/13/24 extension order." ECF No. 33 at 5-6 (brackets added).

    III. DISCUSSION

        A. Applicable Law

            1. Compliance with California Government Claims Act

Federal courts must require compliance with the California Government Claims Act for pendant state law claims that seek damages against state employees or entities. Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Mangold, 67 F.3d at 1477. State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were presented in compliance with the applicable exhaustion requirements. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988); Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

            2. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case

>for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

### B. Analysis

#### 1. Failure to File Third Amended Complaint After Being Given Repeated Opportunities to Do So Warrants the Dismissal of This Case

By Plaintiff's own admission, he has not complied with the California Government Claims Act. Despite this fact, instead of choosing to proceed with this case by filing a third amended complaint with only claims that do not have this requirement, Plaintiff continues instead to repeatedly requests extensions of time to file the third amended complaint. He admits that he has done so multiple times in order to extend the time that the State has either to act on or reject Plaintiff's state claim. See ECF No. 33 at 5-6. This is an insufficient reason to excuse Plaintiff's failure to timely file a third amended complaint.

Plaintiff has raised this "pending state court claim" issue before. See ECF No. 26 at 1-2. In response, the Court instructed Plaintiff that the timely bringing of a claim in his federal complaint under the California Government Claims Act is an element of the cause of action, and as such, it must be pled in the complaint. See ECF No. 27 at 4-5. The Court cannot delay this matter while Plaintiff waits for his state court claim to be reviewed, then accepted or rejected by the State.

For these reasons, the undersigned finds that Plaintiff's showing of cause stating why this matter should not be dismissed for failure to prosecute and failure to obey a court order is insufficient. Therefore, it will be recommended that this matter be dismissed.

#### 2. Application of Malone Factors Supports the Dismissal of This Case

##### a. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has refused to file a third amended complaint until his state court claim has been reviewed and either accepted or rejected is not a good use of the Court's already taxed resources. Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter, irrespective of any action Plaintiff might take after the issuance of this order.

### b. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, they have not put time and effort into defending against it. As a result, there will be no prejudice to them if the matter is dismissed. On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### c. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that since October 28, 2024, Plaintiff has intentionally failed to file a third amended complaint for the inappropriate purpose of awaiting resolution his pending state court claim, Plaintiff's choice to do this has resulted in this matter languishing on the Court's docket for over four months. See ECF No. 25 (screening order, second amended complaint). Without Plaintiff's third amended complaint, this matter cannot proceed further. It cannot be prosecuted, nor can it be disposed of on its merits. As a result, there is no less drastic option than dismissal.

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

### IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 110, as well as having considered the Malone factors, the undersigned shall recommend that this matter be dismissed without prejudice for failure to prosecute and for failure to obey a court order. Plaintiff will be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY RECOMMENDED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for failure to state a claim and for failure to obey court orders.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 7, 2025**              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE