UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRED DORTON,

Plaintiff,

v.

TORTORICE, *et al.*,

Defendants.

Case No. 1:23-cv-01784-JLT-FJS (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR SCREENING

(ECF No. 42)

Plaintiff Fred Dorton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The third amended complaint is pending screening. (ECF No. 36.)

Currently before the court is Plaintiff's motion requesting immediate screening of the operative complaint.[1] (ECF No. 42.) Plaintiff argues in part that he is prejudiced by the delay in screening because his claims involve a challenge to Defendants' actions changing Plaintiff's anticipated release date from December 19, 2026, to February 1, 2028. (ECF No. 42 at 6.) Plaintiff contends that prevailing on his claims could have resulted in a release date as early as March 2026, and he remains incarcerated. Plaintiff argues that each month his complaint goes

[1] To the extent Plaintiff's motion requests relief in Case No. 1:25-cv-00975-KES-SAB, the court declines to address such a request in the instant action.

unscreened is a month that continues to cost him his liberty beyond when he should have been released.[2] (*Id.*)

Plaintiff is advised that the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the court and delays are inevitable. Due to the heavy caseload, Plaintiff's complaint is still awaiting screening. The court is aware of the pendency of this case and will screen Plaintiff's third amended complaint in due course.

Accordingly, Plaintiff's motion for screening, (ECF No. 42), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 6, 2026**

UNITED STATES MAGISTRATE JUDGE

[2] The court notes, without deciding, that to the extent Plaintiff's third amended complaint attempts to raise claims related to the duration of his sentence, such claims are not appropriately raised in a section 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and habeas corpus petitions are the sole path to such relief).